———————o———————

## No. 3742.

### (Court of Appeal, Parish of Orleans.)

### LOUISIANA IMPROVEMENT COMPANY, vs M. and J. MACHECA.

### CANAL BANK CALLED IN WARRANTY.

1. The lien and privilege granted under the City Charter, Act. 145 of 1896, to secure the payment of the cost of repaving streets, bears against the lot or property, the front of which has been repaved, not from the date of the letting of the contract for such paving, but only upon completion of said paving evidenced by a certificate issued by the City Engineer accepting the work and fixing the price thereof.

2. Where the improvement has been completed and where the engineer's certificate of that completion has been registered, necessarily after completion, all after a change of ownership in the property, it would be against equity to allow the purchaser to enrich himself by enjoying the improvement made to his property, and to pass back to his former vendor the burden on the property arising from that benefit.

3. When property is sold pending the completion of the work of paving, in the absence of a convention to the contrary, the purchaser will be deemed to have assumed the anticipated burden which the property sold is to bear.

Appeal from Civil District Court, Division "A."

Mc Closkey & Benedict, for Plaintiff.

Branch K. Miller, for Canal Bank called in Warranty, Appellees.

J. W. Gurley & H. H. Hall, for Defendant and Appellant.

ESTOPINAL, J. "Plaintiff sues on a paving contract for

71

$335.73/100 with interest, asking for a personal judgment against M. and J. Macheca with recognition of lien and privilege upon a certain piece of property on Canal street known as the Hansell Building."

"The Macheca's answer denying generally the allegations of the plaintiff's petition except in so far as admitted."

"They admit the acquisition of the property, but aver that they purchased the same from the Canal Bank with warranty of title and with a clean mortgage certificate and ask, should they be held liable for this amount that they have judgment in their favor and against the Canal Bank.

"The Canal Bank denies that it warranted to the Macheca's that the property was free of the privilege claimed and expressly pleads that at the time of the sale in question the alleged privilege was not recorded against the property and did not exist against it.

"There was judgment in favor of the plaintiffs and against the Macheca's and the call in warranty was dismissed."

There is no difference between the parties to the suit as to the facts, it being admitted that the proceedings of the Council were in strict compliance with the provisions of the City Charter and that the ordinance for the paving of Canal Street; the proposal of the contractor to do the work and the authorization of the Mayor by the Council to enter into the contract for paving were all regular in form.

The Canal Bank was the owner of the property at the time this burden was imposed upon it, and for that reason defendants claim that the obligation should have been borne by their vendors. The contractors, under the law, would not register their certificate until it had been approved by the City Engineer and must then do so within sixty days after said approval. The registry of the certificate not having been made at the time of the sale the vendors were enabled and did produce a clean mortgage certificate. The question presented for determination, succinctly put is, "was the obligation imposed and did it become auctionable at the time that the contract was entered into by virtue of a petition signed by a majority of the property holders, or whether it was

created and became auctionable only upon the registry of the contractors certificate duly approved by the City Engineer.

The learned counsel of the defendants urges plausible, if not convincingly, that the "passing of the Ordinance and the signing of the contract for the paving, imposed absolutely upon the then owner of the Hansell Building to-wit: the Canal Bank the obligation of paying for the work, whatever it might amount to for the reason" that the proceedings to affect its property with the said privilege were taken contradictorily with the Canal Bank by virtue of the publication, imposing upon the minority the wishes of the majority, this being equivalent to the assent of the minority.

The Canal Bank, therefore consented, say defendants whether voluntarily or by reason of Statutory provision and the obligation was imposed early in November, 1898.

Six months later the Canal Bank sold the property to the defendants, producing a clean mortgage certificate.

The claim of the plaintiff company is not and cannot be contested or defeated the only question for this Court to determine being the "whether the defendants or their vendor the Canal Bank, called in warranty is liable for the price of the paving.

This is a proceeding in its nature, purely in rem. Plaintiff's right to recover as against the property is based on the fact that the property is supposed to have been enhanced in value by the completion of the paving improvement to an equal, if not greater extent, by that improvement.

Where the improvement has been completed and where the Engineer's certificate of that completion has been registered, necessarily after completion, all after a change of ownership in the property, it would be against equity to allow the purchaser to enrich himself by enjoying the improvement made to his property and to pass back to his former vendor the burden on the property arising from the benefit.

"As was well said by the Supreme Court in Barber Paving Co. vs. Watt, 51 An. p. 1354: "We think the true meaning and intent of the Act is to impose a charge for street improvement upon the property benefited by the same and not to declare whether the

personal liability of the owner over and above and beyond the property affected. Indeed, had the Act gone to the extent of imposing a personal obligation upon the property owner, a con-stitutional question of serious import would be raised."

The tax registry cases noted by defendant's counsel, do not apply.

A tax is a fixed amount which is due and is to be recorded at a certain time.

A local assessment for paving, only becomes fixed in amount and due when the improvement has been completed and the extent of the property liability therefor has been measured and determined.

No registry of this claim was possible until these conditions precedent were complied with.

The provisions of the Consitution that "No mortgage or privilege upon immovable property shall effect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time as is now or may be prescribed by law, except privileges for expenses of last illness, and privileges for taxes, State, Parish or Municipal & etc." is without force here since we find the paving privileges to have been registered or recorded in the manner and within the time prescribed by law.

The defendants are large property owners.

The improvements were in prosecution when they bought the property.

They were put on inquiry.

They ought to have known and probably did know, that the Engineers certificate, which alone could be recorded, could only issue on the completion of the paving on the property. They alone will enjoy the benefit of the improvement.

The improvement having been completed and the certificate issued and recorded during the defendant's ownership of the property the debt was practically created during their regime and their authors are not responsible for it to them.

No attack being made on the statute and City Ordinances and proceedings here and the issue presented being the result of their

operation properly set in motion by the constituted authorities, we are unable to follow defendants beyond them in their effort to seek an escape from their clear intent.

The lien and privilege of the paving contractor under the law, was unknown unliquidated and did not exist until the work had been completed and a certificate had issued, and in consequence, the lien and privilege bears against the property of the defendants who were the then owners.

We discover no error in the judgment of the lower court and it is hereby affirmed.

Dec. 11, 1905.

## ON REHEARING.

1. The warranty clause in an act of sale is not alone intended or meant to show that no mortgages or other encumbrances appear on the Parish records, but is intended to protect the vendee against any claim in rem or any claim operating as a privilege on the property which he buys and of which he has had no means of ascertaining either by reason of non-registry or other cause.
2. When property is sold after contract for paving is perfected, but prior to the registry of the City Engineer's certificate accepting and fixing liability for paving, the vendee escapes the charge resting on the property and his vendor must protect him under the warranty clause of the act of sale.

ESTOPINAL, J. A second examination of this case has led us to the conclusion that we erred in our original opinion in denying to defendants their demand in warranty against the Canal Bank, their vendor and warrantors of the property subject to the paving privileges, which amounts to Three Hundred and Thirty-three dollars and Seventy-three cents ($333.73).

The correctness of the preliminaries by the City providing for the paving, the acquiesence, of the required number of tax payers or property holders, and the amount of the claim is conceded or at any rate there is no difference between the parties as to these facts and their legality. Nor is there any difference as to the absolute right of plaintiff company to recover, the only question being as to whether it shall recover from the Canal Bank, owner of the property at the time paving work was commenced,

75.

or from M & J. Macheca, defendants here who became the owners shortly before or after the work was completed and before the registry of the City Engineer's certificate, and, if from the defendants, should they be entitled to recover under their warranty deed, from their vendor, the Bank.

The recital in the act of sale that the property is sold with all legal warranties and full subrogation and substitution, is meaningless, unless it be intended as a protection to the vendee from just conditions as present themselves here.

The defendant bought the property free of all incumbrances, and the certificates obtained from the Mortgage Office so evidenced.

The warranty clause in the act is not alone intended or meant to show that no mortgage or other encumbrances appear on the Parish records, but is intended to protect the vendee against any claim in rem or any claim operating as a privilege on the property which he buys and of which he has had no means of ascertaining either by reason of non-registry or other cause.

We correctly held that the claim was actionable only upon registry, but erred in holding that the burden was only imposed on the property at the time of registry.

We had not, evidently, attached sufficient importance to this feature or else we should have reached a different conclusion in our first opinion. We are now of the opinion that the burden was imposed upon the property the moment the City Council, after submission of the question to the property owners of the paved section, entered into a contract for the paving.

Council for defendants very pertinently suggest that if it be true that the burden of this obligation rested upon the property at the time of the sale, how can the seller hope to escape from its legal and contractual obligations of warranty.

At the time of the sale to defendants the work of paving was in progress if not completed, and the Canal Bank would have had to pay the paving claim, the property being already burdened.

It is plain therefore, that the burden was one intended to be covered by the warranty clause of the act of sale.

76

The claim of the paving contractor, though actionable or enforceable upon registry, was still a complete burden on the property operating as a lien thereon from the instant the contract between the City and contractors was perfected.

The property was not therefore, in truth and in fact free of all ascertainable incumbrances, under which conditions it was bought and paid for by the defendants, but there existed a charge upon or against it for which, as well as for all others, the vendor bound himself to relieve and protect his vendee. R. C. C. 2501-2502.

It is now ordered, adjudged and decreed that our former judgment, in so far as it decrees in favor of plaintiff and against the defendants, remains undisturbed; that insofar as it dismisses defendant's demand against the Canal Bank, their warrantor, it is now avoided and set aside, and it is now ordered, adjudged and decreed that the defendants do have and recover of the Canal Bank, called in warranty, the sum of Three Hundred and Thirty-three Dollars and Seventy-three cents ($333.73), with 6% interest from December 4, 1899, costs of both courts to be paid by Warrantor and so amended our former decree is affirmed.

April 2, 1906.

Writ refused May 12, 1906.